**FENG LIN, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 07–2584–ag.**

United States Court of Appeals, Second Circuit.

Dec. 10, 2008.

Feng Lin, pro se.

Gregory G. Katsas, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jamie M. Dowd, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Feng Lin, a native and citizen of the People's Republic of China, seeks review of the May 16, 2007 order of the BIA affirming the November 2, 2005 decision of Immigration Judge ("IJ") Sandy K.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto R. Gonzales as the respondent in this case.

Hom, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Lin,* No. A98 718 249 (B.I.A. May 16, 2007), *aff'g* No. A98 718 249 (Immig. Ct. N.Y. City Nov. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007).

As an initial matter, because Lin failed to raise before this Court any challenge to the agency's denial of her CAT claim, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

As to Lin's asylum and withholding of removal claims, we find that the agency's adverse credibility determination was supported by substantial evidence. In her brief to this Court, Lin does not challenge many of the IJ's credibility findings, including his findings that: (1) her testimony that her parents fled their home after the authorities confiscated it was inconsistent with her application and her mother's letter, which listed the mother's current address as the address of the allegedly confiscated property; (2) Lin's explanation for the discrepancy concerning the address— that her parents moved back to the house without any problems even though Lin never surrendered and her mother still practices Falun Gong ("FLG")—was implausible; (3) Lin's failure to provide any evidence that she practices FLG in the United States, despite fleeing to the United States in part to have the freedom to practice FLG, was a "behavioral inconsistency"; (4) her demeanor while testifying and her inability to provide details about pivotal facts undermined her credibility; and (5) Lin's claim that she was able to depart China using her national I.D. card was implausible. Because Lin was waived any challenge to these findings, they stand as proper bases for the IJ's adverse credibility determination.[2] *See Id.*

As to the few findings Lin does challenge, the IJ's adverse credibility determination is supported by substantial evidence. For example, we are not compelled to disagree with the IJ's finding that Lin's explanation as to her mother's ability to write the letter, despite her lack of education, was not believable. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Moreover, as Lin's testimony was not otherwise credible, it was not improper for the IJ to rely on the absence of any evidence corroborating her claim that her mother joined FLG to improve her health

---

**2.** We are mindful that Lin appears before the Court *pro se.* However, even construing her submissions broadly, we cannot find that she has offered any arguments as to these findings. *Cf. Weixel v. Board of Educ.,* 287 F.3d 138, 145–46 (2d Cir.2002) (in the context of a motion to dismiss, construing *pro se* plaintiff's pleadings so as to raise "the strongest arguments that they suggest").

or Lin's own alleged practice of FLG in the United States.[3] 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Under the REAL ID Act, these findings were sufficient to support the IJ's conclusion that Lin was not credible. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166–67 (2d Cir.2008). Therefore, the IJ properly denied Lin's application for asylum and withholding of removal because the only evidence that she would be persecuted depended on her credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**3.** Where the IJ's findings left little doubt that he did not believe Lin to be a genuine adherent of Falun Gong, the adverse credibility determination prevented Lin "from establishing the subjective prong of the well-founded fear standard." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 183 (2d Cir.2004)(same); *See also Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir.2006).